**Application of Vincent YETTITO, Jr.**
**Patent Appeal No. 6489.**

United States Court of Customs
and Patent Appeals.
Feb. 9, 1960.

Before WORLEY, Chief Judge, and
RICH, MARTIN and SMITH, Associate

Judges, and Judge WILLIAM H. KIRK-
PATRICK.[1]

RICH, Judge.

This appeal is from the decision of
the Board of Appeals of the United
States Patent Office affirming the ex-
aminer's rejection of the single claim
prosecuted, without amendment, before
the Patent Office in appellant's applica-
tion Serial No. 440,324, entitled "Bowl-
ing Ball."

Appellant's bowling ball, the type hav-
ing thumb and finger holes such as used
in "big pin" or "ten pin" bowling, is
provided with an adjustable span be-
tween the thumb and finger holes in a
manner succinctly set forth in the claim
which reads:

> "A bowling ball having an ad-
> justable span between thumb and
> finger holes, said ball having a cylin-
> drical cavity extending radially in-
> wardly from the surface thereof, a
> cylindrical plug fitting snugly in said
> cavity and rotatable therein with the
> inner end of said plug opposed to the
> bottom of said cavity, said plug hav-
> ing a cylindrical thumb hole extend-
> ing inwardly from the surface there-
> of, the axis of said cylindrical thumb
> hole being offset from the axis of
> rotation of said plug, said ball hav-
> ing a threaded passage extending
> inwardly from the bottom of said
> cylindrical cavity, the axis of said
> passage coinciding with the axis of
> said cavity, said plug having a pas-
> sage extending through the bottom
> thereof and opening into said thumb
> hole, the axis of said passage coin-
> ciding with the axis of said plug,
> and a threaded member extending
> through said plug passage and into
> said threaded ball passage and ad-
> justable to cause the inner end of
> the plug to press against the bot-
> tom of the cavity to lock said plug in
> fixed position in said cavity."

1. United States Senior District Judge for
the Eastern District of Pennsylvania,
designated to participate *in place of Judge*

O'Connell, pursuant to provisions of Sec-
tion 294(d), Title 28 U.S.C.

The axes of the plug, of the threaded member (a bolt), and of the cavity coincide, while the axis of the thumb hole is eccentric with respect to the plug axis. Thus, as the plug is rotated within the cavity, the span between the thumb and finger holes is varied.

The reference relied on by the examiner and the board are:

Darby    2,210,528    August 6, 1940
Campi    2,475,876    July 12, 1949

The sole issue is whether appellant's bowling ball is patentable over the prior art. This depends on whether the subject matter of the claim, taken as a whole, would have been obvious to one of ordinary skill in the bowling ball art at the time appellant's invention was made.

Campi discloses a bowling ball having an adjustable span between the thumb and finger holes. This adjustment is accomplished, as is appellant's, by providing a rotatable plug having an eccentrically positioned thumb hole. The rotatable plug in Campi is retained in the ball by a fastening means which, without question, is more complicated than appellant's single bolt.

Darby shows a bowling ball having a thumb hole, the effective diameter of which is adjustable by means of a cylindrical sleeve which has a solid bottom, a slotted top, and external camming surfaces. The bore in which the sleeve is positioned has a conical surface in its wall which cooperates with the camming surfaces to contract the slotted portion of the sleeve when it is drawn inwardly. To adjust the position of the sleeve longitudinally in the bore, a bolt is provided which passes through an axial hole in the bottom of the sleeve and is threaded into a tapped hole in the bottom of the bore on the bore axis. When the bolt is screwed down it draws the sleeve inwardly and contracts its upper part, as in the operation of an ordinary mechanical chuck or collet.

The board considered the bolt in Darby as providing, in addition to the adjusting function, a locking function since the bolt was the only means for retaining the plug in its adjusted position. In holding applicant's device unpatentable over the prior art, the board said:

"* * * the substitution of one locking means for another [In Campi], where both locking means are shown to be old in the same art, is, * * * within the skill of the art."

We are of the opinion that appellant's device was correctly held unpatentable over the prior art.

Appellant's affidavit showing commercial success cannot overcome the obviousness of what he did. The numerous advantages such as simplicity, low cost, and ease of installation and adjustment, which are said to result from the use of a single bolt as the sole fastening means for a plug having an eccentric thumb hole instead of the more complex locking means of Campi, are but the result of an obvious change.

Campi, after showing one skilled in the bowling ball art that the span between the thumb and finger holes may be made adjustable by using a rotatable plug having an eccentric thumb hole, discloses a particular type of fastening means for locking the plug in its adjusted position. Appellant substitutes one of the commonest of fastening means, a bolt, which functions in its ordinary way. When the bolt is tightened, the bolt retains the plug in the cavity and friction prevents the rotation of the plug. The axis of the bolt is positioned along the axis of the cavity but this is the only place where a bolt could be positioned and still allow rotation of the plug within the cavity. Darby, for example, retains and adjusts his sleeve in the bowling ball by a single bolt which passes axially through the bottom of the sleeve.

Granting the truth of appellant's argument that his device has the merit of great simplicity as compared to Campi and that Campi is quite a complicated structure, considering the end to be accomplished, we are of the opinion that any person having ordinary skill in this art, desirous of overcoming the disadvantageous complexity of Campi, could sub-

stitute a simple axially positioned bolt as the sole fastening means without doing anything more than would be obvious to him. We would be of this opinion even without the Darby reference, but its disclosure puts the question beyond any doubt. This being so, commercial success cannot be taken into consideration.

Appellant argues that simplicity should not be an obstacle to patentability and that error is being committed here in that a patent was granted on the *complex* Campi device and is being refused on appellant's *simple,* and hence superior, device. The argument is untenable. While the patentability of an unobvious invention may not be negatived by its simplicity, all we have here is an obvious *simplification* of a prior art invention.

Appellant rightly asks us to take the philosophy underlying the patent system into consideration, but it is quite in keeping with this philosophy to deny patents on such simplifications because they would occur spontaneously even without the incentive of patent protection.

The decision of the Board of Appeals is affirmed.

Affirmed.